UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRENCE LINDSEY,

        Plaintiff,                      Case Number: 2:12-CV-14074

v.                                               HONORABLE ARTHUR J. TARNOW

NURSE, KENT COUNTY CORRECTIONAL
FACILITY,

        Defendant.
                                       /

## OPINION AND ORDER OF SUMMARY DISMISSAL

**I.**

Pending before the court is Plaintiff Terrence Lindsey's pro se civil rights complaint filed under 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). The Court dismisses Plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] because he fails to state a claim upon which relief may be granted.

Plaintiff names a single defendant, an unknown nurse employed at the Kent County Jail. In his complaint, Plaintiff alleges that, on June 5, 2012, defendant nurse gave Plaintiff another inmate's medication. Plaintiff states that the medication caused him to collapse and strike his

---

[1]     28 U.S.C. § 1915(e)(2) provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> . . .
> (B) the action or appeal –
> . . .
> (ii) fails to state a claim upon which relief may be granted . . .

head on the floor.  He claims that, since that time, he suffers from migraines.

The Eighth Amendment bans cruel and unusual punishment which involves the unnecessary and wanton infliction of pain.  *Hudson v. McMillan*, 503 U.S. 1, 5 (1992); *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995).  It is well-established that deliberate indifference to serious medical needs constitutes the unnecessary and wanton infliction of pain.  *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).  To sustain an Eighth Amendment claim of deliberate indifference to medical needs, a prisoner must satisfy a two-prong test.  First, he must demonstrate that the medical needs were serious and required attention that adhered to "contemporary standards of decency."  *Hudson*, 503 U.S. at 8.  Then, he must establish that defendants were deliberately indifferent to those needs.  *Id.*  Deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  In other words, this prong is satisfied when a prison official acts with criminal recklessness, *i.e.*, when he or she "consciously disregard[s] a substantial risk of serious harm."  *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994) (*citing Farmer*, 114 U.S. at 839-40).

Plaintiff's claim that defendant mistakenly dispensed the wrong medication fails to show deliberate indifference to medical needs.  Even if the error rose to the level of medical malpractice, medical malpractice does not constitute a constitutional violation.  *Estelle*, 429 U.S. at 292.  Moreover, Plaintiff fails to allege that defendant is in any way deliberately indifferent to the migraines he claims to experience as a result of his fall. Thus, Plaintiff's complaint fails to state a claim upon which relief may be granted.

Accordingly, the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e), for failure to state a claim upon which relief may be granted.

**SO ORDERED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: November 8, 2012

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on November 8, 2012, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant